IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BERNARD M. HEGGINS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:12CV1293 |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with the $5.00 filing fee. For the following reasons, the Petition cannot be further processed.

1. Petitioner has failed to indicate that state court remedies have been exhausted. as required by 28 U.S.C. § 2254(b). In fact he admits that he did not exhaust his remedies by filing a petition for certiorari with the North Carolina Court of Appeals following the denial of a motion for appropriate relief by his trial court and asks this Court's help in making that filing. (Docket Entry 1, § 13.) This Court does not directly aid petitioners in making any filing and does not provide counsel to help with filings in the state courts. Petitioner must pursue that filing on his own or, if eligible, through counsel provided by the State.

2. Petitioner did not complete the forms: Petitioner is required to specify his grounds for relief *and* set out the facts which Petitioner claims support each ground. See Rules Governing Section 2254 Cases 2(c). The Court will not search for facts in briefs or other documents. The facts must be set out in paragraph 12 of the § 2254 forms and Petitioner can then use additional pages if necessary. Id.[1]

---

[1] Some of Petitioner's claims are unclear as a result of his presentation of them. However, the Court notes that some of them, and perhaps all of them, are based on Petitioner's incorrect belief that only the federal government, not state governments, can charge a defendant with being a felon in possession of a firearm. He should be aware that both
(continued...)

3. Petitioner has not named his custodian as the respondent. As Petitioner has been told previously, Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of Public Safety. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the Petition is deemed from this point forward to be amended to name Reuben Young, who is currently the Secretary of Public Safety, as Respondent.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted once he has exhausted his state court remedies. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to return the $5.00 filing fee to Petitioner and to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

---

[1](...continued)
state and federal governments can bring such a charge.

Case 1:12-cv-01293-TDS-LPA   Document 2   Filed 12/07/12   Page 2 of 3

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to return the $5.00 filing fee to Petitioner and to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition once he has exhausted his state court remedies.

          /s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: December 7, 2012